# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT BEHRENDS, et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>JAKE ALEXANDER TAGGART, et al.,<br><br>            Defendant(s). | Case No.: 2:20-cv-00571-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 20] |

Pending before the Court is Defendants' motion for protective order, which was filed on an emergency basis. Docket No. 20.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140–41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-6(d). Generally

speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142–43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id.* at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

The instant motion arises out of a notice of deposition. *See* Docket No. 20 at 2–4. Defendants submit that, on October 16, 2020, "Plaintiffs served a Notice of Deposition Duces Tecum[,]" which provided notice of a Rule 30(b)(6) deposition of Defendant Ferlin Kearns Auto Transport for November 13, 2020. *Id.* at 2. Defendants submit that they responded with written objections on October 20, 2020. *Id.* at 3. Defendants further submit that a meet and confer on those objections was held on October 22, 2020. *Id.* Defendants did not file the instant motion until the afternoon of October 26, 2020. *See* Docket. Defendants seek emergency treatment of the motion. However, Defendants fail to address, let alone demonstrate, why the motion should be considered on an emergency basis. *See Cardoza*, 141 F. Supp. 3d 1137. Moreover, the need

for emergency relief appears to stem from Defendants' own failure to engage in the meet and confer process and file the instant motion more expeditiously. These circumstances do not justify emergency treatment whereby the motion cuts to the front of the line ahead of the many other matters pending before the Court. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010) (explaining that "other cases, motions filed, scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to hear a party's perceived 'emergency'" and instead waiting to resolve the motion until it "has worked its way up the tall stack of matters on my desk").

Accordingly, the Court declines to give the motion emergency consideration. Instead, the motion will be briefed pursuant to the default briefing schedule and will be decided in the ordinary course.[1] The deposition is vacated pending the resolution of the instant motion.

IT IS SO ORDERED.

Dated: October 27, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to the merits of the motion.