1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6
7    SCOTT BEHRENDS, et al.,                  Case No.: 2:20-cv-00571-GMN-NJK
8              Plaintiffs,                              **ORDER**
9    v.                                          [Docket No. 27]
10   JAKE ALEXANDER TAGGART, et al.,
11             Defendants.

12          Pending before the Court is Defendants' motion to amend their answer.  Docket No. 27.
13   The Court has considered Defendants' motion, Plaintiffs' response, and Defendants' reply.  Docket
14   Nos. 27, 28, 29.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.

15   **I.     BACKGROUND**
16          On February 7, 2020, Plaintiffs filed a complaint in state court.  Docket No. 1 at 1.  On
17   February 17, 2020, Plaintiffs filed an amended complaint in state court.  *Id.*; *see also* Docket No.
18   1-1.  Thereafter, on March 23, 2020, Defendants removed the action to this Court and filed an
19   answer.  Docket Nos. 1, 2.  Defendants filed an amended answer on March 31, 2020.  Docket No.
20   7.  On April 1, 2020, the Court entered a scheduling order and set deadlines for this case, including
21   the deadline to amend pleadings on September 23, 2020.  Docket No. 10 at 2.  On September 1,
22   2020, the Court granted the parties' stipulation for an extension of deadlines and extended the
23   deadline to amend pleadings to December 24, 2020.  Docket No. 19 at 3.  On December 24, 2020,
24   Defendants filed the instant motion for leave to amend their answer.  Docket No. 27.

25   **II.    LEGAL STANDARD**
26          Requests for leave to amend pleadings are generally governed by Rule 15(a) of the Federal
27   Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend]
28   when justice so requires."   Fed. R. Civ. P. 15(a).  There is a strong public policy in favor of

                                                1

permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party has previously amended its pleading. *See id.* at 1052.[1] These factors do not carry equal weight, however, with prejudice being the most significant factor. *See id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Llavata v. Morrow*, 2012 WL 789130, at \*1 (D. Nev. Oct. 22, 2012).

## III.   ANALYSIS

Defendants seek leave from the Court to amend their answer by admitting liability for the accident that gave rise to the instant action in light of the information they learned at Plaintiffs' depositions in November 2020. Docket No. 27 at 1, 4. Defendants submit that they only concede liability for the accident and not damages, the severity of the damages, or that the damages Plaintiffs allege were caused by the accident. *Id.* at 6.

In response, Plaintiffs submit that Defendants unduly delayed in seeking leave to amend their answer because they should have known before the beginning of discovery whether admitting liability was proper. Docket No. 28 at 3. Further, Plaintiffs submit that Defendants' instant request for leave to amend constitutes bad faith. *Id.* Specifically, Plaintiffs submit that Defendants' failure to admit liability until now "was motivated by [D]efendants' insurer's intention to create delay and to cause economic hardship for Plaintiffs so as to compel Plaintiffs to settle this action for less than its fair value." *Id.* Additionally, Plaintiffs submit that permitting Defendants to amend their answer would be prejudicial because they have incurred substantial litigation costs in conducting discovery on Defendants' liability. *Id.* at 4.[2]

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Plaintiffs submit that they oppose Defendants' motion unless Defendants agree to pay for their litigation costs thus far. Docket No. 29 at 1, 4. Plaintiffs' request for costs in their response is improper. *See* LR IC 2-2(b) ( "separate documents must be filed for a response to a motion and a countermotion").

In reply, Defendants submit that they did not unduly delay in seeking leave to amend their answer.  Docket No. 29 at 4–5.  Defendants submit that initial conversations with an individual who witnessed the accident shortly after Plaintiffs first filed their complaint in state court on February 7, 2020, provided a basis upon which to contest liability.  *Id.* at 2–3, 5.  Specifically, Defendants submit that prior counsel spoke to the witness, who stated that Plaintiffs' vehicle was speeding and failed to avoid the accident.  *Id.* at 3.  Defendants further submit that they decided to seek leave to amend their answer by admitting liability only after the witness refused to be deposed last fall and based on the information they learned at Plaintiffs' depositions in November 2020.  *Id.* at 3, 5.  In addition, Defendants submit that Plaintiffs' assertion of bad faith is unfounded and unsupported by evidence.  *Id.* at 6.  Defendants further submit that Plaintiffs' litigation costs are insufficient to establish prejudice.  *Id.* at 6–7.

The Court finds that Defendants' request for leave to amend their answer by admitting liability is proper.  First, Plaintiffs fail to establish that granting Defendants' request for leave to amend their answer would prejudice them.  "Prejudice is the 'touchstone of the inquiry under [R]ule 15(a).'"  *Eminence Capital*, 316 F.3d at 1052 (quoting *Lone Star ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  Plaintiffs submit that granting Defendants' request for leave to amend their answer by admitting liability would prejudice them because they have incurred substantial litigation costs in conducting discovery on the issue of liability.  However, Plaintiffs fail to cite to any cases holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed.[3]  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  In addition, Defendants submit that they intend to challenge the damages alleged in Plaintiffs' complaint and whether Plaintiffs' alleged damages resulted from the accident.  Thus, Plaintiffs fail to show that the time and cost expended in conducting discovery on the issue of liability "would be completely wasted if the Court grants leave to amend."  *Kelly v. City of Poway*, 2020 WL 619567, at *2 (S.D. Cal. Feb. 7, 2020).

---

[3] In fact, Plaintiffs fail to cite to any caselaw whatsoever.  *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, . . . constitutes a consent to the granting of the motion").  Nonetheless, the Court considers the motion on its merits.

Further, Plaintiffs fail to show that Defendants filed the instant motion in bad faith.  "Bad faith or dilatory motives include amendments made for tactical reasons or to delay the litigation." *JS Products, Inc. v. Kabo Tool Co.*, 2013 WL 12318260, at *3 (D. Nev. Apr. 1, 2013).  In this case,  Plaintiffs submit that Defendants unduly waited to admit liability in an effort to cause Plaintiffs financial hardship and force them to settle the instant action for less than its fair value.  However, Plaintiffs fail to provide any factual evidence to support their argument.  *See Llavata*, 2012 WL 789130, at *1 ("The party opposing the amendment bears the burden of showing prejudice, delay, or another reason for denying leave to amend.").

Plaintiffs also fail to show that Defendants unduly delayed in filing the instant motion.  Undue delay "by itself, is insufficient to justify denial of leave to amend."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  In any event, Defendants' decision to seek leave to amend after conducting discovery on the issue of liability and by the deadline for amending pleadings does not amount to undue delay in this case.  Having alleged that Defendants' negligence caused the accident that gave rise to the instant action, Defendants were entitled to conduct discovery on the issue of liability, particularly when a witness informed Defendants that Plaintiffs may have borne some fault in the accident.  *See Morrison v. Quest Diagnostics, Inc.*, 2016 WL 355120., at *6 (D. Nev. Jan. 27, 2016) (finding defendants are entitled to discovery to test the claims raised in plaintiff's amended complaint).

## IV.   CONCLUSION

Accordingly, Defendants' motion to amend their answer is hereby **GRANTED**.  Docket No. 27.  Defendants shall file and serve their amended answer no later than January 19, 2021.

IT IS SO ORDERED.

Dated: January 12, 2021

Nancy J. Koppe
United States Magistrate Judge